UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY COLLINS,

                    Plaintiff,

                                                                                   9:10-CV-1527
v.                                                                        (GTS/RFT)

SERGEANT CARON, Upstate Corr. Facility;
MARSH, Corr. Officer, Upstate Corr. Facility;
J. GAW, Corr. Officer,[1] Upstate Corr. Facility;
JOHN DOE, Corr. Officer, Upstate Corr. Facility;[2]
and R.N. J. STOUT, Upstate Corr. Facility,

                    Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

JEFFREY COLLINS, 93-A-4735
  Plaintiff, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

HON. ERIC T. SCHNEIDERMAN                  LAURA A. SPRAGUE, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

---

    [1]       Because this Defendant's reported name is "J. McGaw," the Clerk is directed to revise the caption accordingly. (Dkt. No. 13; Dkt. No. 47, at 7, n.4.)

    [2]       It appears that Plaintiff still has not named the above-captioned "John Doe" Defendant, despite his having been directed–nearly two years ago–to take reasonable steps through discovery to ascertain the name of that Defendant, and then amend his operative pleading accordingly, so that the Marshal's Service can serve that Defendant. (Dkt. No. 7, at 2-4; *see also* Dkt. No. 9, at 2.) <u>Plaintiff is respectfully reminded that the consequence of failing to comply with this directive is dismissal</u>. (Dkt. No. 7, at 3-4.)

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Jeffrey Collins ("Plaintiff") against the five above-captioned state correctional employees ("Defendants"), are the following: (1) Plaintiff's motion for summary judgment (Dkt. No. 34); (2) Defendants' cross-motion for summary judgment, and motion for leave to amend their Answer to assert the affirmative defense of failure to exhaust administrative remedies (Dkt. No. 37); (3) a magistrate judge's Report-Recommendation recommending that Defendants' cross-motion for summary judgment be granted with regard to Plaintiff's retaliation claim against Defendant Stout, that their cross-motion be otherwise denied, and that their motion for leave to amend be denied (Dkt. No. 47); and (4) Defendants' objection to the Report-Recommendation (Dkt. No. 48).

For the reasons set forth below, the Report-Recommendation is accepted in part and rejected in part; Plaintiff's motion is denied; Defendants' cross-motion for summary judgment is granted with regard to Plaintiff's retaliation claim against Defendant Stout, but otherwise denied; Defendants' motion for leave to amend is granted; Defendants' Amended Answer is due within fourteen days of the date of this Decision and Order; and discovery is reopened for a brief period (the duration and nature of which shall be determined by the magistrate judge in his sound discretion) for the sole purpose of permitting Plaintiff a reasonable opportunity to obtain any additional discovery needed on the issue of exhaustion of administrative remedies, in preparation for an exhaustion hearing on that issue.

## I. RELEVANT BACKGROUND

### A. Parties' Pleadings

On December 17, 2010, Plaintiff filed his original Complaint in this action. (Dkt. No. 1.) On December 30, 2010, he filed an Amended Complaint. (Dkt. No. 4.) On April 28, 2011, he filed a Second Amended Complaint. (Dkt. No. 8.)

Generally, in his Second Amended Complaint, Plaintiff alleges that, between June 28, 2009, and July 1, 2009, while he was incarcerated at Upstate Correctional Facility, Defendants retaliated against him, used excessive force against him, and failed to protect him from the use of that excessive force, in violation of the First and Eighth Amendments. (Dkt. No. 8.) More specifically, Plaintiff asserts the following claims against the following Defendants: (1) a claim Defendant Stout retaliated against him for filing a grievance against her on June 28, 2009, by ordering Defendants to assault him without provocation, in violation of the First Amendment; (2) a claim that Defendants Caron, McGaw and Doe assaulted Plaintiff without provocation on July 1, 2009, after he was placed in the mental health infirmary for observation, in violation of the Eighth Amendment; and (3) a claim that Defendant Marsh (who was stationed at the observation desk in the infirmary) failed to protect Plaintiff from the alleged assault, in violation of the Eighth Amendment. (*Id.*)

On October 24, 2011, Defendants filed their Answer to Plaintiff's Second Amended Complaint. (Dkt. No. 16.) While that Answer asserted six affirmative defenses, it did not assert the affirmative defense of failure to exhaust administrative remedies. (*Id.*)

**B.     Discovery**

On October 25, 2011, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 18.) In part, that Order directed that (1) Plaintiff shall provide to the Government copies of all "[c]orrespondence, grievances, grievance appeals, and other documents [in his possession, custody or control] relating to requests for administrative remedies or the inability or failure to exhaust such remedies," and (2) Defendant shall provide to Plaintiff copies of all documents in their care, custody or control–including all "reports of completed investigations by . . . the Inspector General"–related to the claims or defenses in this action. (Dkt. No. 18, at 1-2, 7.) Subsequently, those two categories of information were provided by the parties. (*See, e.g.,* Dkt. No. 48, Attach. 2-3 [containing copies of cover letters from defense counsel to Plaintiff regarding discovery being provided]; Dkt. No. 37, Attach. 15 [containing a a copy of all non-privileged documents contained in the Inspector General's file in this matter]; Dkt. No. 48, Attach. 1, at 1 [attaching page "43" of Plaintiff's deposition, confirming that he sent defense counsel grievances in his possession].)

On March 2, 2012, the assistant attorney general currently assigned to this case (Laura Sprague) filed a notice of appearance, notifying the Court that the case had recently been reassigned to her from the assistant general formally assigned to the case (Douglas Goglia). (Dkt. No. 22.)

On April 19, 2012, Defendants took Plaintiff's deposition, at which they asked him about, among other things, his efforts to exhaust his administrative remedies. (Dkt. No. 48, Attach. 1.)

On August 10, 2012, the period for discovery in this action closed. (Dkt. No. 28.)

C. **Briefing on Parties' Motions**

On August 24, 2012, Plaintiff filed a motion for summary judgment. (Dkt. No. 34.)[3]

On September 28, 2012, Defendants filed a cross-motion for summary judgment based, in part, on Plaintiff's purported failure to exhaust available administrative remedies before filing this action. (*See generally* Dkt. No. 37.)

On October 15, 2012, Plaintiff filed a reply on his motion, and an opposition to Defendants' cross-motion, arguing, in part, that Defendants have waived their right to rely on the affirmative defense of failure to exhaust administrative remedies by failing to assert that defense in their Answer. (*See generally* Dkt. No. 44.)

On October 22, 2012, Defendants filed a reply on their cross-motion, arguing, in part, that their admitted failure to assert the affirmative defense in their Answer was due to (1) the transfer of this file to defense counsel on or about March 2, 2012, and (2) the fact that defense counsel did not learn of Plaintiff's failure to exhaust until his deposition on April 19, 2012, and defense counsel's receipt of a copy of the file maintained by the Inspector General's office regarding this matter on September 17, 2012. (*See generally* Dkt. No. 45.)[4] In addition,

---

[3] Because this Decision is intended primarily for the review of the parties, the Court need not, and will not summarize the arguments presented on Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment, other than to reference their arguments placed in issue by Defendants' Objections to the Report-Recommendation: the arguments regarding Plaintiff's purported failure to exhaust his available administrative remedies before filing this action.

[4] Defense counsel is reminded that Local Rule 7.1(c) of the Local Rules of Practice for this Court requires a cross-movant to seek, and be granted, leave of the Court before a reply on the cross-motion may be filed. N.D.N.Y. L.R. 7.1(c). Here, Defendants did not seek such leave. Furthermore, the docket text accompanying Dkt. No. 47 (which was generated automatically by the Electronic Case Filing System apparently due to defense counsel's having registered its filing as a motion rather than a response) was not an Order granting such leave. (*See* Docket Entry dated Sept. 28, 2012.) However, given the nature of the reply, the Court will, in this particular circumstance, nunc pro tunc grant leave to file that reply.

Defendants argued that Plaintiff was effectively notified of this defense as early as April 19, 2012 (when he was questioned regarding exhaustion during his deposition), and perhaps as early as October 25, 2011 (when the Court ordered that Defendants produce discovery regarding exhaustion). (*Id*.) Finally, Defendants requested leave to amend their Answer so as to assert the affirmative defense of failure to exhaust administrative remedies. (*Id*. at 4-5 [attaching pages "1" and "2" of Defs.' Reply Memo. of Law].)[5]

### D. Report-Recommendation and Objection Thereto

On February 19, 2013, the magistrate judge issued a Report-Recommendation. (Dkt. No. 47.) Generally, in the Report-Recommendation, the magistrate judge recommended that Defendants' cross-motion for summary judgment be granted with regard to Plaintiff's retaliation claim against Defendant Stout, that their cross-motion be otherwise denied, and that their motion for leave to amend their Answer be denied. (*Id*.) Generally, in support of his recommendation that Defendants' motion for leave to amend their Answer be denied, the magistrate judge found that (1) Defendants had unduly delayed in making that motion, and (2) granting the motion would cause unfair prejudice to Plaintiff. (*Id*.) Familiarity with the particular grounds of the Report-Recommendation is assumed in this Decision and Order, which is intended primarily for the review of the parties.

On March 5, 2013, Defendants submitted their objection to those portions of the Report-Recommendation that (1) denied Defendants' motion to amend their answer, and (2) denied

---

[5] Defendants' motion to amend is procedurally defective in that it does not attach an unsigned copy of the proposed Amended Complaint, as required by Local Rule 7.1(a)(4). N.D.N.Y. 7.1(a)(4). However, the parties do not appear to dispute the relatively discrete nature of the amendment in question (i.e., the insertion of one paragraph in between Paragraphs 12 and 17 of Defendants' current Answer). (Dkt. No. 16.) As a result, the Court will, in this particular circumstance, excuse this procedural defect.

Defendants' motion for summary judgment to the extent it was based on a failure to exhaust administrative remedies. (Dkt. No. 48.) Generally, in their objection, Defendants assert the following four arguments: (1) Defendants' delay in making this motion was due to (a) the transfer of this file to defense counsel on or about March 2, 2012, and (b) the fact that defense counsel did not learn of Plaintiff's failure to exhaust until his deposition on April 19, 2012, and defense counsel's receipt of a copy of the file maintained by the Inspector General's office regarding this matter on September 17, 2012; (2) the granting of Defendants' motion to amend will not unfairly prejudice Plaintiff because (a) Defendants have proceeded throughout this action as if exhaustion is at issue, (b) pursuant to the Court's pretrial scheduling order, full discovery was provided by, and to, Plaintiff on the issue of exhaustion, and (c) due to the regulations governing the grievance process, Plaintiff would not have had any ability to cure the failure to exhaust, had Defendant included this defense in their Answer on October 24, 2011; (3) after amendment is granted, the Court should grant Defendants' motion for summary judgment to the extent it was based on a failure to exhaust, because no admissible record evidence exists that (a) administrative remedies were not available to Plaintiff, (b) Defendants acted in such a way as to interfere with the grievance process, and (c) special circumstances exist justifying Plaintiff's failure to comply with the exhaustion requirement; and (4) alternatively, should the Court find that granting Defendants' motion to amend will unfairly prejudice Plaintiff, the Court should hold an exhaustion hearing prior to trial. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[6] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[7]

---

[6] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[7] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[8] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[9] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[10]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

---

[8] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[9] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[10] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

636(b)(1)(C).

B.  **Standard Governing a Motion for Summary Judgment**

Because the magistrate judge correctly recited the legal standard governing a motion for summary judgment (Dkt. No. 47, at Part II.B.), the Court will not repeat that standard in this Decision and Order, which (again) is intended primarily for the review of the parties.

C.  **Standard Governing a Motion for Leave to Amend a Pleading**

Under Rule 15 of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend an answer] when justice so requires." Fed. R. Civ. P. 15(a)(2). What this means is that, generally, leave to amend a pleading "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

Generally, when determining whether the movant has *unduly delayed* in requesting leave to amend a pleading, courts consider (1) the duration of the delay and (2) the explanation offered for the delay. *See, e.g., Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983); *see also Torres v. Cintas Corp.*, 672 F. Supp.2d 1197, 1205 (N.D. Okla. 2009) ("When considering delay as the basis to deny a motion to amend, a court must consider the length of the delay and the reason for the delay to determine if the moving party's actions constitute 'undue' delay."); *Simmons v. Harman-Kim, Inc.*, 06-CV-0834, 2008 WL 2575649, at *2 (D. Utah June 28, 2008) ("In determining whether the delay was undue, courts consider both the length of the delay and the reason for its occurrence.").

Moreover, when determining whether the opposing party would suffer *undue prejudice*, courts consider whether leave to amend would do the following: "[1] require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [2]

10

significantly delay the resolution of the dispute; or [3] prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

## III. ANALYSIS

After carefully reviewing all of the papers in this action, and subjecting the Report-Recommendation to the appropriate level of review (as described above in Part II.A. of this Decision and Order), the Court accepts the magistrate judge's thorough, accurate and well-reasoned Report-Recommendation in all respects except one. Specifically, the Court finds that, under the particular circumstances of this case, while Defendants' cross-motion for summary judgment should be denied (and not permitted to be renewed), Defendants should be granted leave to file an Amended Answer; Plaintiff should be afforded a brief opportunity to receive further discovery from Defendants on the exhaustion issue; and an exhaustion hearing should be conducted by the undersigned at the start of the trial in this action.[11]

As indicated above in Part I.D. of this Decision and Order, the magistrate judge based his denial of that leave on two findings: undue delay and unfair prejudice. (Dkt. No. 47, at 3-4.) The Court will address each finding in turn.

---

[11] The Court notes that it rejects the third and fourth arguments asserted by Defendants in their objection. *See, supra,* Part I.D. of this Decision and Order. Specifically, with regard to the third argument (i.e., that, after granting Defendants leave to amend their Answer, the Court should grant Defendants' motion for summary judgment on the ground of failure to exhaust), the Court finds that, as a consequence of Defendants' failure to amend their Answer before filing their cross-motion for summary judgment, their failure-to-exhaust argument should not be considered on a motion for summary judgment (but only during an exhaustion hearing at the start of the trial in this action). With regard to the fourth argument (that, should the Court find that granting Defendants' motion to amend will unfairly prejudice Plaintiff, the Court should hold an exhaustion hearing at the start of trial), the Court finds this argument to be a non-sequitur: if the Court were to find unfair prejudice to Plaintiff, the Court would hold no exhaustion hearing (because no Amended Answer would have been permitted).

### A. Undue Delay

Regarding undue delay, the magistrate judge found that Defendants unduly delayed in asserting this defense, because (1) they were placed on notice of the need to assert this affirmative defense through the filing of Plaintiff's Second Amended Complaint on April 20, 2011, and (2) they–without adequate explanation–did not assert this defense until they filed their motion for summary judgment on September 28, 2012. (Dkt. No. 47.) After carefully considering the matter, the Court respectfully disagrees.

It is true that Defendants were placed on notice of the need for the affirmative defense of failure to exhaust through the filing of Plaintiff's Second Amended Complaint on April 20, 2011. However, their assertion of that affirmative defense was due on October 24, 2011 (when they filed their Answer), or arguably on November 15, 2011 (when their Answer was due, pursuant to the Court's Text Order of October 7, 2011). As a result, at most, the period of delay in question is eleven months (i.e., from October 24, 2011, to the filing of their cross-motion for summary judgment on September 28, 2012). Granted, this is a lengthy period of time. However, the issue before the Court is whether the period is *undue*.

The explanation proffered by Defendants for their delay is one of mere oversight and/or mistake, due to (1) the transfer of this file to defense counsel on or about March 2, 2012, and (2) the fact that defense counsel did not learn of Plaintiff's failure to exhaust until his deposition on April 19, 2012, and defense counsel's receipt of a copy of the file maintained by the Inspector General's office regarding this matter on September 17, 2012. (Dkt. No. 45, Attach. 1, at ¶¶ 4-7 [Affid. of Def. Counsel]; *cf.* Dkt. No. 45, at 4-5 [attaching pages "2" and "3" of Defs.' Reply

Memo. of Law, arguing lack of bad faith].)[12]

The Court has some reservations accepting this explanation as adequate, because the Court would not want to in any way encourage this sort of litigation practice in the future. However, the Court is mindful of the lack of bad faith apparent in the record, and the fact that all that is at issue is whether Defendants may amend their Answer so as to assert this defense at trial, not whether they may prevail on the defense on a motion for summary judgment.[13] Moreover, the Court is mindful that Plaintiff himself has been afforded *two* opportunities to amend his original Complaint. Finally, the Court agrees that Plaintiff was effectively notified that exhaustion was an issue due to (1) the Court's directive that Defendants produce discovery regarding exhaustion, (2) Defendants' provision of discovery regarding exhaustion, and (3) Defendants deposition of Plaintiff regarding exhaustion. *See, infra,* Part III.B. of this Decision and Order.

As a result, under the particular circumstances of this case, the Court finds that the delay in question was not so undue as to warrant the denial of leave to amend.

### B. Unfair Prejudice

Regarding unfair prejudice, the magistrate judge found that permiting Defendants to plead this defense at this late stage of the proceeding (1) would force him to re-open discovery in order to prove exhaustion, and (2) may well preclude him from remedying any procedural errors at the administrative level in order to perfect his attempts at exhaustion that may have been

---

[12] Moreover, Defendants argue that Plaintiff was effectively notified of this defense as early as April 19, 2012 (when he was questioned regarding exhaustion during his deposition), and perhaps as early as October 25, 2011 (when the Court ordered that Defendants produce discovery regarding exhaustion). (Dkt. No. 45, Attach. 1, at ¶¶ 5, 8-9 [Affid. of Def. Counsel]; Dkt. No. 48, at 1-2.)

[13] *See, supra,* note 11 of this Decision and Order.

available had Defendants interposed the defense in a timely manner. (Dkt. No. 47.) Again, after carefully considering the matter, the Court respectfully disagrees.

Regarding the magistrate judge's discovery finding, it appears that either (1) Plaintiff already possessed copies of the grievances he submitted, or (2) he has already received most, if not all, of what he needs, through Court-ordered mandatory discovery, including copies of all documents in Defendants' care, custody or control related to the claims or defenses in this action–including all "reports of completed investigations by . . . the Inspector General." (*See* Dkt. No. 48, Attach. 1, at 1 [attaching page "43" of Plaintiff's deposition, indicating that he had, in his possession, copies of grievances, which he sent to defense counsel]; Dkt. No. 18, at 2, 7 [Court's Mandatory Pretrial Discovery and Scheduling Order]; Dkt. No. 48, Attach. 2-3 [containing copies of cover letters from defense counsel to Plaintiff regarding discovery being provided]; Dkt. No. 37, Attach. 15 [containing all a copy of all non-privileged documents contained in the Inspector General's file in this matter].)[14] In addition, to the extent that Plaintiff has not received all that he needs, he need not apply for the reopening of discovery: the Court *sua sponte* grants the reopening of discovery, through this Decision and Order. Finally, the Court grants Plaintiff a brief but reasonable opportunity to obtain any additional discovery needed on the issue of exhaustion of administrative remedies. The Court will leave the determination of the duration and nature of that discovery to the sound discretion of the magistrate judge.

Regarding the magistrate judge's preclusion finding, Defendants filed their Answer in this action on October 24, 2011. The assault alleged in this action occurred on July 1, 2009.

---

[14] Moreover, Plaintiff was allowed to give deposition testimony regarding the grievance efforts he made. (Dkt. No. 48, Attach. 1.)

Plaintiff had a finite number of days in which to complete the exhaustion process, regardless of whether he availed himself of (1) the expedited review process for complaints of inmate misconduct by corrections officers or (2) the review process for other complaints. *See Goodson v. Silver*, 09-CV-0494, 2012 WL 4449937, at *3-4 (N.D.N.Y. Sept. 25, 2012) (generally describing time periods) (citations omitted). Granted, certain exceptions to these deadlines exist based on mitigating circumstances.[15] However, the likelihood of those exceptions being granted was as (un)likely on September 28, 2012 (when Defendants filed their motion for summary judgment) as it was on October 24, 2011 (when Defendants filed their Answer).[16]

Finally, it is worth noting that, despite raising waiver as an argument in his opposition memorandum of law, Plaintiff did not even bother to argue that he would experience any prejudice if amendment of Defendants' Answer were permitted. (Dkt. No. 44, at 11 [attaching page "8" of Plf.'s Opp'n Memo. of Law].) *See Smart v. Arnone*, 315 F.Supp.2d 292, 294 (W.D.N.Y. 2004) ("[P]laintiff has not addressed [defendants'] motion to amend [their answer to assert the affirmative defense of failure to exhaust administrative remedies] in his response and, therefore, has not claimed any prejudice.").

For all of these reasons, Defendants are granted leave to file an Amended Answer.

**ACCORDINGLY**, it is

---

[15] For example, if an inmate could not file such a complaint within the required time period after the alleged occurrence, he or she could apply to the facility's Inmate Grievance Program ("IGP") Supervisor for an exception to the time limit based on mitigating circumstances. *Goodson*, 2012 WL 4449937, at *4. If that application was denied, the inmate could file a complaint complaining that the application was wrongfully denied. *Id*.

[16] Moreover, the fact that Plaintiff was effectively notified that exhaustion was at issue as early as April 19, 2012 (when he was questioned regarding exhaustion during his deposition), and perhaps as early as October 25, 2011 (when the Court ordered that Defendants produce discovery regarding exhaustion) suggests that he had reason to apply for such an exception at those times.

**ORDERED** that and the Clerk is directed to amend the docket in this action so that the name of "J. Gaw" in the caption reads "J. McGaw"; and it is further

**ORDERED** that the Report-Recommendation (Dkt. No. 47) is **ACCEPTED in part** and **REJECTED in part**; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 34) is **DENIED**; and it is further

**ORDERED** that Defendants' cross-motion for summary Judgment (Dkt. No. 37) is **GRANTED** with respect to Plaintiff's First Amendment retaliation claim against Defendant Stout, which is **DISMISSED** from the action (resulting in the termination of R.N. J. Stout as a Defendant in this action); and it is further

**ORDERED** that Defendants' cross-motion for summary Judgment (Dkt. No. 37) is otherwise **DENIED**; and it is further

**ORDERED** that Defendants' motion for leave to amend their Answer to assert the affirmative defense of failure to exhaust administrative remedies (Dkt. No. 45) is **GRANTED**; and it is further

**ORDERED** that Defendants' Amended Answer is due within **FOURTEEN (14) DAYS** of the date of this Decision and Order; and it is further

**ORDERED** that discovery is reopened for a brief period (the duration and nature of which shall be determined by the magistrate judge in his sound discretion) for the sole purpose of permitting Plaintiff a reasonable opportunity to obtain any additional discovery needed on the issue of exhaustion of administrative remedies, in preparation for an exhaustion hearing on that issue.

Dated: March 28, 2013
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge